In the Matter of CIVIL SERVICE BAR ASSOCIATION, LOCAL 237, INTERNATIONAL BROTHERHOOD OF TEAMSTERS, Repsondent, v CITY OF NEW YORK, Respondent, and HOWARD M. KATZ et al., Intervenors-Appellants.—Order, Supreme Court, New York County, entered March 24, 1978, which denied the motion by the proposed intervenors for permission to intervene in this proceeding brought to confirm an arbitration award and for vacatur of the judgment confirming such award, unanimously reversed, on the law, without costs or disbursements, the motion to intervene granted and the application to vacate the judgment and award remanded to Special Term for further proceedings in accordance with this memorandum and for a hearing to be held on the factual issues with respect to the application by the intervenors to vacate the judgment and award. Petitioner-respondent Civil Service Bar Association, Local 237, International Brotherhood of Teamsters (CSBA) is the exclusive collective bargaining representative for city employees who are attorneys. Following execution of a collective bargaining agreement between the city and CSBA which fixed salaries and terms of employment for attorneys for the period January 1, 1974 to December 31,

1975, CSBA filed a grievance wherein it was alleged that the city had appointed or promoted members of the bargaining unit at an entry salary level higher than the minimum salary rate paid to others in the same classification. The grievance sought parity adjustments and retroactive payment of wages to attorneys who had been adversely affected—between 25% and 40% of the total number of attorneys employed by the city. Following arbitration, an award was rendered which sustained the grievance which had been filed by CSBA. The arbitrator retained jurisdiction to resolve any question as to the relevancy of any records to be used in computing the final amounts to be paid. The award was confirmed by judgment, entered September 19, 1977. The city thereafter appealed the judgment confirming the award. After negotiation between the city and CSBA, a settlement was reached which effected an across-the-board wage increase to all members of the bargaining unit. The settlement terms substantially reduced the amounts to be received by the original beneficiaries of the award and totally eliminated any award to attorneys who had left the city's service, although the latter were successful grievants in the original arbitration proceeding. The proposed settlement was approved by the union membership, the majority of whom were unaffected by the original arbitration award and were not grievants in that proceeding. Former city employees, who were eliminated from any payment by reason of the settlement, had no opportunity to vote. Thereafter, the arbitrator approved the settlement and rendered a "Final Supplemental Award". Upon application to confirm the final award, judgment was entered December 20, 1977, confirming the new award and vacating the prior judgment. Within the 90-day period afforded by CPLR 7511 for a motion to vacate an arbitrator's award, the proposed intervenors moved for permission to intervene and upon grant of such permission, to vacate the judgment and the "Final Supplemental Award". Special Term denied the motion on the ground that no purpose would be served by allowing intervention since the time to appeal from the judgment had elapsed and there was no evidence shown of either fraud or collusion to justify vacatur of either the judgment or award. Although Special Term took into account the fact that CPLR 1012 authorizes intervention where representation of a person's interest is inadequate, the court held that inadequate representation was not shown to exist here. Essentially, Special Term found appellants to be without standing and to be bound by the ratification of the proposed settlement by a majority of CSBA's membership. We disagree. The record is sufficient to grant intervention. It is clear that the settlement between the city and CSBA, in authorizing a general salary increase for current members of the bargaining unit, accorded benefits to a majority of the members of the unit who did not gain from the original award; reduced benefits to be gained by some under the original award; and eliminated any recovery by former city attorneys who benefited by the original award but had since left the city's employ. It also appears that the settlement was voted upon by a majority of the members of the unit who would benefit by the settlement but not by the original award and that former city employees, who had lost any benefits by reason of the settlement, were excluded from the vote. Under the circumstances, we find that the proposed intervenors have made a sufficient showing to warrant an opportunity to establish that they did not receive fair representation when the settlement was negotiated and when members of the bargaining unit voted to accept the settlement. Moreover, they are entitled to challenge the validity of the arbitrator's final supplemental award. There is plainly a question whether the arbitrator had power to make such an award. Nor is it

at all relevant that the time to appeal from the judgment which confirmed the "Final Supplemental Award" has elapsed. The fact that final judgment has been entered does not, of itself, preclude intervention (see 2 Weinstein-Korn-Miller, NY Civ Prac, par 1012.07). In this connection, CPLR 5015 (subd [a], par 3) authorizes an application to vacate or to be relieved from a judgment because of "fraud, misrepresentation or other misconduct". Under the circumstances, the fact that the time to appeal from the judgment confirming the final award has passed is not dispositive. The proposed intervenors do not seek to appeal from that judgment. Rather, they move to vacate the judgment upon allegations of misrepresentation and misconduct as to the manner in which settlement was approved and the original arbitration award purportedly nullified. Although we find the record sufficient to have required that Special Term permit appellants to intervene in the proceeding, the factual issues raised on the motion to vacate the judgment and "Final Supplemental Award" cannot be resolved solely on the papers before Special Term. The moving papers are sufficient to raise an issue, at least for the purposes of intervention, whether appellants were adequately and fairly represented in the proceedings whereby the "Final Supplemental Award" was approved by a majority of the bargaining unit. Factual issues are also raised, not only with respect to appellants' contentions that they were misrepresented, but also with regard to their assertions that the "Final Supplemental Award" was obtained by misconduct. These issues cannot be resolved upon the affidavits and exhibits submitted on the motion. A hearing on these issues is necessary. In that connection, to the extent that the proposed intervenors seek to raise on appeal the merits of their motion to vacate the judgment and award, they lack standing to do so. Unless and until intervention is granted, there is no standing to challenge either the judgment or the award. Accordingly, in reversing the order appealed from and in granting the motion to intervene, we express no view and do not pass upon the merits of so much of the motion as sought to vacate the judgment and award. Disposition of that branch of the motion must await the hearing herein directed. Concur—Silverman, J. P., Evans, Fein and Lane, JJ.